[Department One.—August 28, 1883.]

CLARA L. BROWN, Appellant, *v.* P. D. BURBANK et AL., Respondents.

Conveyance—Fraud—Undue Influence.—A conveyance of land, made by a young girl to her grandparents, with whom she has resided from infancy, and who have had entire control of her person and property, and have purposely kept her in ignorance of her rights, is fraudulent and will be set aside by a court of equity.

Appeal from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Beatty,* for Appellant.

Transactions between parent and child or guardian and ward are viewed with extreme jealousy by courts of equity. (Kerr on Fraud and Mistake, 150–153, 177–180; Story's Eq. Juris. §§ 309–320; Bigelow on Fraud, 250–264.) The same obligations rest upon guardians in fact, as upon guardians regularly appointed, and upon those in *loco parentis,* as upon natural parents. (Kerr on Fraud and Mistake, §§ 309, 318; Civ. Code, § 2219.) Undue influence may be inferred from the fact of a gift from a child to its parents; especially if the gift be an unreasonable one. (*Lloyd* v. *Attwood,* 3 De Gex & J. 614; *Maitland* v. *Irving,* 15 Sim. 437; *Maitland* v. *Backhouse,* 16 Sim. 58; *Waller* v. *Armisteads,* 2 Leigh, 11.)

*L. S. Taylor,* for Respondents.

Ross, J.—Action to annul a deed of conveyance. The plaintiff's maiden name was Burbank. Her father, George W. Burbank, who died in August, 1866, when she was but nine years of age, was the son of the defendants. Plaintiff's mother died when she was but three years old. From the time of her father's death until her marriage she resided with her grandparents—the defendants—and was under their care and control. She had no other home, and was treated by them in all respects as their own child, and she regarded them as the only persons to whom she owed filial duty, or from whom she had

support and protection. When George W. Burbank died, in August, 1866, he was the owner of a house and lot in the city of Sacramento. The plaintiff was left his sole heir. In October, 1866, the defendant P. D. Burbank obtained letters of administration upon his son's estate, and as such administrator took possession of the house and lot, and with his wife—his co-defendant herein—has ever since occupied a portion of the house as a residence and received the rents of the remaining portion.

In his petition for letters of administration upon his son's estate, in the inventory of the estate filed by him, and in his verified accounts filed in the Probate Court and confirmed on his petition, P. D. Burbank invariably described the house and lot as the property of the estate of George W. Burbank. He made no claim upon the property nor pretended that the estate was indebted to him. On the contrary, he charged himself in his accounts with the value of the use of that portion of the premises occupied by him, and with the rents of the remaining portion. On his petition, he was allowed the use and rents of the property for the maintenance and education of the plaintiff. The order making this allowance was made in December, 1868, and from that time until May 17, 1877, P. D. Burbank continued to enjoy the same. His administration was never closed. On the day last mentioned the property was worth $5,000, and its annual rental value was $750. It constituted the only property of the plaintiff. She was at that time nineteen years and eight months old, but was still residing with the defendants and under their care and protection. She had never been informed by them, or either of them, of her rights with respect to the property. Such being the situation and relations of the parties, the defendant, Irene H. Burbank, represented to the plaintiff that the property never really belonged to her deceased father, but was rightfully and in fact the property of P. D. Burbank, and thereupon requested the plaintiff to convey it to her, promising at the same time to make a will devising it to plaintiff, so that it would be hers after the death of the grandmother. The plaintiff, acting solely upon these representations and in obedience to the will and request of her grandmother, without other information, counsel, or advice, and in ignorance of the real

motive of the defendants, executed a deed conveying the property to her grandmother, the defendant Irene. The real motive of the defendants in obtaining the deed, the court below found to be this : "The defendants claimed to be the equitable owners of the property, and were afraid that the plaintiff, who was young and giddy-minded, might marry some designing person who would deprive her and them of the property, and they desired the property conveyed to the defendant Irene, in order to prevent such a misfortune." The court further found that at the time of the execution of the deed, the defendant Irene executed a will by which she devised to the plaintiff all the property of which she might die seized.

The facts above stated are established by the findings. They show, as is well said for the appellant, "that the plaintiff, while still an inexperienced girl, still under the care and control of her grandparents, still subject to the influence acquired by them in the double relation of parents and guardians of her person and estate, accustomed to consult their wishes and obey their commands, ignorant of her rights, purposely misled and kept in ignorance by those to whom she naturally looked for the protection of her interests, without the aid of legal advice or time for reflection, made a conveyance of her whole estate without any valuable consideration to one standing in *loco parentis.*" That a deed obtained under such circumstances cannot be permitted to stand is one of the clearest of propositions. (Story's Eq. Juris. §§ 309 and 317, *et seq.;* Kerr on Fraud, pp. 150–153, 177–179 ; Bigelow on Fraud, pp. 250–253, 263, 264.)

In view of the testimony of the defendants it is useless to order a new trial.

Judgment and order reversed and cause remanded with directions to the court below to enter judgment for the plaintiff on the findings.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.